Tompkins, J.,
delivered the opinion of the Court.
This was an action of assumpsit brought by Blankenship against Carter, in which there was a judgment for Blankenship, to reverse which Carter prosecutes this appeal. The declaration contains nine counts, all of them stating that the appellee sold to the appellant an improvement on public land; for which it is alledged in the first count, that the appellant promises to deliver to the appellee four rafts of plank; in the others, that he promised to deliver four rafts of plank with the privilege of substituting a horse for one of them; the pleas are non-assumpsit and set-off replication, &c. The jury found that the defendant did undertake and promise in manner and form, &c., and that the plaintiff did not undertake and promise, &c. On the trial the plaintiff proved the sale of the improvement to the defendant, and that the defendant promised to deliver to him four rafts of plank valued at $400, reserving to himself the privilege of paying a horse instead of one of the rafts of plank; the defendant proved a tender of the horse and a refusal by the plaintiff; the defendant offered too to read in evidence a transcript of the record of a suit in the Crawford Circuit Court, for the purpose of showing a former recovery for the same cause of action. This transcript was rejected by the Court, and this rejection being excepted to, is assigned for error. The cause of action set out in the third count of the declaration in the record, the transcript of which was offered in evidence, is the same as that set out in the first count of the declaration in the cause now before this Court. The pleas filed in the cause, the transcript of which was offered in evidence were,
First. Non-assumpsit, on which issue was taken.
Second. Payment, which was traversed and issue joined.
Third. A plea of set-off and issue joined.
The jury found that the plaintiff was indebted to the defendant in the sum of $32 75; the other issues were not found, and no judgment was entered on the finding of the jury. Had the jury found the issues joined on the first and second pleas for the defendant, the question might have been raised whether a verdict on which no judgment is rendered, might he given in evidence between the same parties in another cause to bar the second action. The transcript offered in evidence, then seems to have been rejected with propriety; for nothing is found on it that can have any bearing on this cause in favor of the defendant. It seems to be altogether irrelevant.
It was also assigned for error, that the issue taken on the second plea was not found. The second plea was, as has been stated, a plea of set-off, to which the plaintiff replied he did not owe, &c. The action was in form assumpsit. The *401 matters pleaded as a set-off might have been declared for in assumpsit. The undertaking and promising is the legal conclusion drawn from the indebtedness of the party indebted. The objection to the finding of the jury, viz: that the plaintiff did not undertake and promise, &e., seems to be merely a formal objection. We are therefore of opinion that there is no error either in the rejection of the transcript offered in evidence, nor in the finding of the jury on the issue made on the second plea. We therefore are of opinion that the judgment of the Circuit Court ought to. he affirmed, and it is accordingly affirmed.